**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **NAVIDAD MARTINEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 2:20-cv-** |
| | § | **00134** |
| **PAWN TX, Inc.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO DISMISS**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

### I.       SUMMARY OF DISPUTE

Plaintiff Navidad Martinez ("Plaintiff") brought this action for declaratory judgment and injunctive relief against Defendant Pawn TX, Inc. ("Pawn TX"), including a request for attorney's fees and costs. Plaintiff alleges Pawn TX, as owner of the property located at 4126 South Padre Island Drive, Corpus Christi, Texas 78411 ("Property") discriminated against him in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12182, et seq. [Doc. 1].  Pawn TX maintains that Plaintiff's Original Complaint is moot because the parking lot at the Property is compliant with Title III of the ADA.

## II.    SUMMARY OF THE UNDISPUTED MATERIAL FACTS

Pawn TX operates a pawn shop in Corpus Christi, Texas. [Ex. A, ¶¶ 2-4; Ex. B 2]. The Property was purchased by Pawn TX in November of 2015 and underwent renovations in 2017. [Ex. A, ¶ 3]. At the conclusion of the renovations, the Property was inspected by a registered accessibility specialist certified by the Texas Department of Licensing and Regulation. [Ex. A, ¶4; Exhibit A-1]. On August 17, 2017, Pawn TX received a certificate confirming substantial compliance with the requirements of the provisions of the Texas Architectural Barriers Act, Texas Government Code, Chapter 469. [*Id.*].

On June 5, 2020, Plaintiff served Pawn TX with his Original Complaint. Prior to receiving Plaintiff's Original Complaint, Pawn TX received no complaint or notice from any other person concerning ADA violations at the Property. [Ex. B, ¶ 3]. Moreover, Pawn TX received no notice or complaint from Plaintiff or his counsel alleging non-compliance with accessibility standards. [*Id.*]. Plaintiff's failure to provide Pawn TX notice deprived it of the opportunity to cure any defects prior to Plaintiff filing suit.

Pawn TX prides itself in serving the public and wishes to make the Property equally available to all persons, including those with disabilities. Immediately upon receipt of Plaintiff's Original Complaint, Pawn TX counted the total number of parking spaces and measured the handicap-accessible parking spaces and access aisle at the Property. [Exhibit B, ¶ 4]. Pawn TX's inspection confirmed the Property's parking spaces are fully compliant with the ADA. [*See id.*]. There are 49 total parking

spaces at the Property, including one handicap-accessible parking space and one van-accessible parking space. [*Id.*; Exhibit B-1]. The first handicap-accessible parking space measures 109 inches wide, and the van-accessible parking space measures143 inches wide. [*Id.*]. The access aisle between the two handicap accessible parking spaces measured 60 inches wide. [*Id.*]. Although no physical handicap signs were present at the Store, the handicap spaces were painted with the international handicap symbol to indicate handicap accessibility. [*Id.*].

On June 23, 2020, Pawn TX had a third-party contractor install stand-up handicap signs at the Property, refresh the paint of the right side of the access aisle, measure the handicap spaces and access aisle, and take photographs confirming the parking lot complied with the ADA. [Exhibit A, ¶¶ 5-7; Exhibit A-2; Exhibit B, ¶ 5]. Because the Property fully complies with the ADA, Plaintiff's Original Complaint is moot. [Exhibit A-2; Exhibit B-1].

### III.    SUMMARY JUDGEMENT EVIDENCE

1. **Exhibit A -** Declaration of Danny Strode;

    a. **Exhibit A-1**: TLDR Compliance Certificate;

    b. **Exhibit A-2**: Photographs by Hunter Construction, Inc. taken on June 23, 2020;

2. **Exhibit B -** Affidavit of Mark Chapa;

    a. **Exhibit B-1 –** Photographs taken by Mark Chapa on June 5, 2020.

# IV.   LAW AND ARGUMENT

### A. Summary Judgment Standard.

Summary judgment is proper when the record indicates there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists if the evidence is such that the trier of fact could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party "is not required to present evidence proving the absence of a material fact issue." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544, No. 04-30467 (5th Cir. March 4, 2005). Rather, the movant may meet its burden by simply pointing to an absence of evidence to support the non-moving party's case. *Id.*, quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568, No. 02-10596 (5th Cir. June 6, 2003). If the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465, No. 97-30241 (5th Cir. August 25, 1999). Only evidence, not argument, will satisfy the burden of the party opposing the motion. *Id.*, quoting *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991). Unsubstantiated assertions and conclusory allegations will not defeat a properly supported motion for

summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir.1994); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### B. Plaintiff's Complaint is Moot.

A case is moot when it no longer presents a live controversy with respect to which the Court can give meaningful relief. The mootness doctrine requires that the controversy posed by the plaintiff's complaint be "live"— not only at the time the plaintiff files the complaint, but also throughout the litigation process. *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). If events occur after the filing of a lawsuit that deprive the court of the ability to give a plaintiff meaningful relief, then the case is moot and must be dismissed.

Because mootness is about the Court's power to hear a case, Rule 12(b)(1) provides the proper framework for evaluating defendant's motion. *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). A "factual attack" under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist. *McLain v. Real Estate Board of New Orleans, Inc.*, 583 F.2d 1315, 1318 n.1 (5th Cir. 1978), vacated and remanded on other grounds. If a defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims. *Id.*

A claim alleging a violation of the ADA becomes moot if the alleged violations at issue are corrected without a judicially sanctioned change in the legal relationship between the parties, i.e., if a defendant voluntarily ceases the conduct which is the underlying basis for the complaint. *Buckhannon Bd. And Care Home v. West Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604 (2001). While the party asserting mootness has the burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again, the mootness doctrine is especially applicable in the ADA context where the alleged discrimination cannot reasonably be expected to recur due to interim relief or events which have completely and irrevocably eradicated the effects of the alleged violation, i.e., structural modifications. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167 (2000); *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546 (5th Cir. 2006).

Plaintiff asserts the Property is not accessible in violation of 42 U.S.C. § 12182 et seq. due to the following:

(1) Property has zero van-accessible parking spaces [Doc 1, ¶ 9];

(2) Access aisle is less than 96" wide [Doc 1, ¶ 9];

(3) Property does not have enough handicap accessible parking spaces [Doc 1, ¶ 19]; and

(4) Property is missing disabled parking signs [Doc 1, ¶ 9];

First, Plaintiff's claim that the Property violates ADA standards by having zero van-accessible parking spaces is simply untrue. The ADA requires at least one van-

accessible parking space for stores with 50 or fewer total parking spaces. 36 C.F.R §
208. The van-accessible space must be at least 132 inches wide. 36 C.F.R § 502.2.

Here, the Property has one van-accessible parking space that measures 143
inches wide, 11 inches over the ADA standard for parking lots with fewer than 50
spaces. [Exhibit A, ¶¶ 6 -7; Exhibit A-2; Exhibit B, ¶ 4; Exhibit B-1]. Accordingly, the
Property's one 143-inch wide van-accessible parking space complies with the ADA.
[*Id.*].

Likewise, Plaintiff's claim that the Property violates the ADA because the
access aisle is less than 96 inches wide is untrue.  [Doc 1, ¶ 9]. The ADA requires
access aisles to be a minimum of 60 inches wide **__not__** 96 inches wide. 36 C.F.R §§
502.3. – 502.3.1.

The Property's access aisle is presently 61 inches wide. [Exhibit A, ¶ 6; Exhibit
A-2]. When Plaintiff filed suit, it was 60 inches wide. [Exhibit B, ¶ 4; Exhibit B-1]. As
such, the Property's access aisle has always complied with the ADA.

Third, Plaintiff's claim that the Property is violating the ADA because it does
not have enough handicap-accessible parking spaces available is also untrue. [Doc 1,
¶ 9]. The ADA requires stores with 50 or fewer total parking spaces to have two
handicap-accessible parking spaces, including one handicap-accessible parking space
that is 96 inches wide, and one van-accessible parking space that is at least 132 inches
wide. 36 C.F.R §208; §502.

Here, the Property has 49 total spaces, one fewer than the ADA's 50-space
threshold. [Exhibit B, ¶ 4].  The Property's parking lot complies with the ADA because

it has: (1) one handicap-accessible parking space that is 109 inches wide – 13 inches wider than the ADA requires for handicap-accessible spaces; and (2) one van-accessible parking space that is 143 inches wide – 11 inches wider than the ADA's requirement for van-accessible spaces. [Exhibit A, ¶ 6; Exhibit A-2; Exhibit B, ¶ 4; Exhibit B-1]. Accordingly, the Property's two handicap-accessible parking spaces comply with the ADA's requirements.

Finally, Plaintiff's claim that the Property violates the ADA because it is missing disabled parking signs is also false. Although there were no stand-up handicap parking signs at the Property when Plaintiff filed his Original Complaint, Pawn TX added stand-up signs to the pre-existing painted signs on its handicap-accessible parking spots at the Property on June 23, 2020. [Exhibit A, ¶ 6; Exhibit A-2; Exhibit B, ¶ 5]. Accordingly, the Property complies with the ADA.

As demonstrated above, Plaintiff's allegations of barriers to accessibility at the Property were mostly untrue at the time he filed his Original Complaint, but all have since been rendered non-existent, without court intervention. Pawn TX took prompt, voluntary measures to remedy any alleged barriers at the Property and, as a result of these efforts, any alleged discrimination cannot reasonably be expected to recur. There is clearly no live controversy and Plaintiff's Original Complaint is completely moot.

**C. There is no Present Controversy Regarding Injunctive Relief.**

Even if the Court determines there is enough of a live controversy to avoid a mootness dismissal, Plaintiff still cannot show he is entitled to injunctive relief. The

only remedy available to a private litigant under Title III is injunctive relief. See 42 U.S.C. § 12205; *Betancourt v. Federated Dept. Stores*, 732 F. Supp. 2d 693, 701 (W.D. Tex. 2010). Monetary damages are not recoverable under the ADA. 42 U.S.C. § 12188(a).

The question of whether a plaintiff is entitled to injunctive relief is distinct from the question of mootness and requires separate analysis. "Even though a case is not moot, that does not mean that injunctive relief follows automatically; undoubtedly, injunctive relief requires something more than the mere possibility which serves to keep the case alive. Whether a permanent injunction is appropriate...turns on whether the plaintiff can establish by a preponderance of the evidence that this form of equitable relief is necessary." *Sheely*, 505 F.3d at 1182. To obtain injunctive relief, the plaintiff must show the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

Here, there is no evidence to justify a permanent injunction against Pawn TX. The alleged ADA violations were either non-existent or remedied, and the Property fully complies with the ADA. [Exhibit A, ¶ 6; Exhibit A-2; Exhibit B, ¶¶ 5-6; Exhibit B-1].  Moreover, there is no evidence that the parking lot at the Property will cease complying with the ADA in the future. Accordingly, Plaintiff cannot establish a substantial likelihood of success on his claims for injunctive relief.

### D. Voluntary Cessation Lacks the Necessary Judicial Imprimatur to Qualify Plaintiff as a Prevailing Party for Attorney's Fees and Costs.

The ADA is a fee-shifting statute. See 42 U.S.C. § 12205. In *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res.*, the Supreme Court extensively discussed the standard for awarding attorney's fees and costs and held that a <u>prevailing party</u> is one, "in whose favor a judgment is rendered, regardless of the amount of damages awarded...." *Buckhannon*, 532 U.S. at 604 (quoting Black's Law Dictionary 1145 (7th ed.1999)). In reviewing its precedents, the Court noted that it, "never ... awarded attorney's fees for nonjudicial alteration of actual circumstances." *Id.* at 606.

Here, the Property was either compliant with the ADA or Pawn TX altered the actual circumstances of the Property absent any action by this Court. [Exhibit A, ¶ 6; Exhibit A-2; Exhibit B, ¶¶ 5-6; Exhibit B-1] Plaintiff is not a prevailing party because his Original Complaint is moot and he is not entitled to injunctive relief. For this reason, Plaintiff is not entitled to attorney's fees and costs, and the Court should deny them.

### CONCLUSION

Pawn TX, Inc. respectfully requests that this Court grant its *Motion for Summary Judgment and to Dismiss*, dismiss Plaintiff's claims against it with prejudice, or in the alternative, enter summary judgment in Pawn TX, Inc.'s favor on all of Plaintiff's claims.

DATED: November 9, 2020

Respectfully Submitted,

_____

**Shelby Douglas**
Assistant General Counsel
Email: Shelby.Douglas@firstcash.com
State Bar No: 24097144
**Anna M. Alvarado**
General Counsel
Email: Anna.Alvarado@firstcash.com
State Bar No: 24061362
**Shoshana Thoma-Isgur**
Associate General Counsel
Email: Shoshana.thoma-isgur@firstcash.com
State Bar No: 24008149

1600 West 7th Street
Fort Worth, Texas 76102
Tel: (817) 335-1100

**Attorneys for Defendant**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2020, I electronically filed this pleading with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to those attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

_____
Shelby Douglas